THOMAS MYERS, JR. AND
TIFFANY CLOUSE                                                                                    PLAINTIFFS

v.

RYAN NORMAN, *et al*.,                                                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on two motions. First, Defendant McCracken County Regional Jail ("MCRJ") filed a Motion to Dismiss, [R. 7]. Plaintiffs Thomas Myers, Jr. and Tiffany Clouse responded, [R. 11], and MCRJ replied, [R. 13]. Secondly, Defendants Denise Burkett, Cookie Crews, Jim Erwin, and the Kentucky Department of Corrections (collectively "KDOC Defendants") filed a Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6), [R. 9]. Plaintiff Myers responded, [R. 10],[1] and KDOC Defendants replied, [R. 12]. Fully briefed, these matters are ripe for adjudication. For the reasons stated herein, MCRJ's Motion to Dismiss, [R. 7], is GRANTED and KDOC Defendants' Motion to Dismiss, [R. 9], is GRANTED.

## BACKGROUND

The factual allegations as set out in the Complaint, [R. 1], and taken as true are as follows.[2] On or about November 3rd, 2018, Myers was allegedly shot by Detective Ryan Norman of the McCracken County Sheriff's Office while Norman and Detective Kyle Seratt,

---

[1] In the Complaint, there is only one count listing claims against KDOC Defendants (Count IV), and only Myers is listed as the plaintiff on that count. [R. 1 at 17.]

[2] *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) ("All factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party.").

also of the McCracken County Sheriff's Office, were attempting to execute a warrant for Myers's arrest. [R. 1 at 8.] Afterward, Myers was transported to Western Baptist Hospital where he received medical aid, including emergency staples in his stomach. [*Id.* at 12.] Plaintiffs allege that before Myers could recover from the surgeries administered at Western Baptist Hospital, he was arrested and housed at MCRJ. [*Id.*] Plaintiffs also allege that Myers "did not have adequate monitoring at MCRJ," "MCRJ staff did not keep the wounds clean while he was housed within the facility," and Myers did not get dialysis treatments while at MCRJ. [*Id.*] Eventually, the Kentucky Department of Corrections ("KDOC") took Myers into state custody at a hospital facility within the Department of Corrections. [*Id.*] Plaintiffs also allege that "Medical Staff within the [KDOC] refused to perform needed and required surgeries to take staples out of MYERS stomach. These surgical staples were infected. The symptoms of infection were exacerbated because he did not receive proper medical care within the facility. Additionally, conditions at MCRJ and within the [KDOC] were not clean and caused further infection." [*Id.* at 13.] Moreover, Plaintiffs allege that "[KDOC] failed to provide all medical treatments which were medical necessary for the health and wellbeing of MYERS." [*Id.*]

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss under Rule 12(b)(6), a party must "plead enough 'factual matter' to raise a 'plausible' inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). When considering a Rule 12(b)(6) motion to dismiss, the

Court must presume all of the factual allegations in the complaint are true and draw all

reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc.,*

*552 F.3d at 434 (citing Great Lakes Steel, 716 F.2d at 1105).* "The court need not, however,

accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d

10, 12 (6th Cir. 1987)). Should the well-pleaded facts support no "more than the mere possibility

of misconduct," then dismissal is warranted. *Iqbal*, 556 U.S at 679. The Court may grant a

motion to dismiss "only if, after drawing all reasonable inferences from the allegations in the

complaint in favor of the plaintiff, the complaint still fails to allege a plausible theory of relief."

*Garceau v. City of Flint*, 572 F. App'x. 369, 371 (6th Cir. 2014) (citing *Iqbal*, 556 U.S. at 677–

79).

## DISCUSSION

Plaintiffs assert claims against two sets of defendants. Against MCRJ, Plaintiffs assert

claims of medical malpractice and negligence, as well as denial of the right to counsel. Against

KDOC Defendants, Myers asserts a claim of medical malpractice and negligence. The Court will

first address Plaintiffs' claims against MCRJ, followed by Myers's claim against KDOC

Defendants.

### I. Motion to Dismiss McCracken County Regional Jail

In the Complaint, MCRJ is listed as a defendant under Count VIII: Medical Malpractice

and Negligence, as well as Count IX: Denial of the Right to Counsel. [*See* R. 1 at 19-21.] In its

motion to dismiss, MCRJ argues that the claims against it must be dismissed as a matter of law

because, as a jail, it is not an entity subject to suit. [R. 7 at 1-2.] In response, Plaintiffs state that

they "cannot make a good faith argument that the McCracken County Regional Jail is an entity

given the case law cited by the Defendant." [R. 11 at 2.] However, Plaintiffs also ask the Court to

"look at the operation of the jail and the way it holds itself to the public entity as a person and rule that the jail has conducted business as an entity and therefore is subject to suit." [*Id.*]

As this Court has stated before: "This matter is straight-forward. The McCracken County Regional Jail is not an entity subject to suit. *See Comer v. McCracken Cty. Det. Ctr.*, No. 5:18-CV-020-TBR, 2018 U.S. Dist. LEXIS 133195, at *8 (W.D. Ky. Aug. 7, 2018) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)); *Blay v. Daviess County Detention Center*, No. 4:07-CV-P69-M, 2007 U.S. Dist. LEXIS 71131, 2007 WL 2809765, at *1 (W.D. Ky. Sept. 25, 2007)." *Parker v. McCracken Cty. Reg'l Jail*, No. 5:19-CV-27-TBR, 2019 WL 2527095, at *1 (W.D. Ky. June 19, 2019) Furthermore, Plaintiffs give no case law or reasoning to support their request to analyze the jail as an entity in general. Therefore, MCRJ's Motion to Dismiss, [R. 7], is GRANTED. As this claim cannot be saved by an amendment of the complaint, the claims against MCRJ are dismissed with prejudice.

The Court recognizes that at the end of their response, Plaintiffs make a brief request that "the Defendant Tonya Ray in her official and individual capacity as Jailer be required to give an answer to the complaint." [R. 11 at 2.] However, as pointed out in MCRJ's Reply, Plaintiffs have failed to file proof of service to Defendant Tonya Ray as required by Federal Rule of Civil Procedure 4(l). Under Federal Rule of Civil Procedure 4(m), when a defendant has not been served within ninety days of the filing of the complaint, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time" unless "the plaintiff shows good cause for the failure." Fed. R. Civ. P. 4(m). The ninety-day period has expired, and the record shows no attempts by Plaintiffs to serve Defendant Ray. The Court will, therefore, provide Plaintiffs with an opportunity to show cause for their failure to

comply with the ninety-day service requirement or face dismissal of this action against Defendant Ray in accordance with Rule 4(m).

## II.  Motion to Dismiss Kentucky Department of Corrections, James Erwin, Cookie Crews, and Denise Burkett

KDOC Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [R. 9.] KDOC Defendants are only listed in the Complaint as defendants under Count IV: Medical Malpractice and Negligence. [R. 1 at 17.] In their motion, KDOC Defendants first argue that Myers's claims against KDOC and Erwin, Crews, and Burkett in their official capacities must be dismissed under the defense of sovereign immunity. [R. 9-1 at 4.] According to the Complaint, at the time of the incidents involved in this action, Erwin was the Commissioner of the KDOC, Crews was the Director of Health Services within the KDOC, and Burkett was the Clinical Director within the KDOC. [R. 1 at 4.] Secondly, KDOC Defendants argue that Myers's state tort claims against Erwin, Crews, and Burkett in their individual capacities must be dismissed due to their lack of personal involvement in Myers's medical care. [*Id.* at 5.] In his Response, Myers argues that the factual allegations contained in the Complaint were sufficient, and, despite KDOC Defendants' interpretation of the Complaint, his claims fall under 42 U.S.C. § 1983 for the violation of his Eighth Amendment rights. [R. 10 at 3-4.] In reply, KDOC Defendants argue that Myers still fails to state a cognizable claim even if it is construed under 42 U.S.C. § 1983. [R. 12 at 2.]

### A.  Claims Against KDOC and Erwin, Crews, and Burkett in their Official Capacities

KDOC Defendants argue that Myers's state law claims of medical malpractice and negligence against KDOC and Erwin, Crews, and Burkett in their official capacities must be dismissed under the defense of sovereign immunity. [R. 9-1 at 4.]

The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. The Eleventh Amendment prohibits suits against states and their agencies brought in federal court by the state's own citizens, citizens of other states, by a foreign state or its citizens, or by federal corporations unless "(1) the state consents to suit; (2) the *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908), exception applies; or (3) Congress has abrogated a state's Eleventh Amendment immunity." *Ali v. Univ. of Louisville*, No. 3:17-CV-00638-RGJ, 2019 WL 539098, *2 (W.D. Ky. Feb. 11, 2019) (citing *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 817 (6th Cir. 2000)). As KDOC is a state agency,[3] the Eleventh Amendment prohibits suits against it.

In *Experimental Holdings, Inc. v. Farris*, the Sixth Circuit Court of Appeals explained:

> The Supreme Court has squarely held that pendent state law claims against state officials in their official capacity are barred by the Eleventh Amendment. . . . The federal courts are simply not open to such state law challenges to official state action, absent explicit state waiver of the federal court immunity found in the Eleventh Amendment.

503 F.3d 514, 520-21 (6th Cir. 2007) (citing *Pennhurst State Sch. v. Halderman*, 465 U.S. 89, 117-21, (1984)). "Congress has not abrogated the Eleventh Amendment for state law claims. . . ." *McCormick v. Miami University*, 693 F.3d 654, 664 (6th Cir. 2012) (citing *Raygor v. Regents*

---

[3] The Kentucky Department of Corrections is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. *See* KY. REV. STAT. ANN. § 12.250 (Exec. Order Note: 2007 c 85, § 336 (eff. June 26, 2007), confirmed Exec. Order 2006–805 (eff. June 16, 2006)).

*of Univ. of Minn.*, 534 U.S. 533, 542 (2002)). And Kentucky has not waived its sovereign immunity. *Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004) (citing *Whittington v. Milby*, 928 F.2d 188, 193–94 (6th Cir. 1991)). Furthermore, the Eleventh Amendment bar for violations of state law extends beyond actions for monetary relief and bars a plaintiff from seeking injunctive relief under the *Ex parte Young* doctrine also. The entire basis for the *Ex parte Young* exception evaporates "when a plaintiff alleges that a state official has violated *state* law," because "it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Pennhurst*, 465 U.S. at 106. Because Kentucky's "constitutional immunity from suit prohibits all state-law claims filed against a State in federal court, whether those claims are monetary or injunctive in nature," Myers's claims for malpractice and negligence are barred by the Eleventh Amendment. *Ernst v. Rising*, 427 F.3d 351, 368 (6th Cir. 2005); *See also Machisa Design Servs. v. Bd. of Educ.*, No. 2:12-CV-838, 2013 WL 80273 (S.D. Ohio Jan. 7, 2013) (explaining that state law claims of breach of contract, defamation, and interference with contract are barred by the Eleventh Amendment).

Myers also sues Erwin, Crews, and Burkett in their official capacities. "Official-capacity suits ... 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.' " *Kentucky v. Graham*, 473 U.S. 159, 166, (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Defendants are employees of KDOC and are therefore state employees. Claims brought against state employees in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Id.*, 473 U.S. at 166. The Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities. *Id.* at 169. Therefore, KDOC Defendants'

Motion to Dismiss as it pertains to Myers's medical malpractice and negligence claims against the KDOC and Erwin, Crews, and Burkett in their official capacities is GRANTED. As these claims against KDOC and Erwin, Crews, and Burkett in their official capacities cannot survive as a matter of law and cannot be saved by any amendment of the Complaint, they are dismissed with prejudice.

### B. Claims Against Erwin, Crews, and Burkett in their Individual Capacities

#### 1. Under State Law

Concerning Myers's claims against Erwin, Crews, and Burkett in their individual capacities, the KDOC Defendants argue that Myers fails to state any factual allegations that make out a claim of medical practice. [R. 9-1 at 5.] "Medical negligence is merely a 'branch of the well traveled road of common law negligence.'" *Earle v. United States*, No. CV 13-184-DLB-REW, 2016 WL 1417811, at *2 (E.D. Ky. Apr. 11, 2016) (quoting *Grubbs ex rel. Grubbs v. Barbourville Family Health Ctr., P.S.C.*, 120 S.W.3d 682, 693-94 (Ky. 2003)). "Under Kentucky law, common law negligence requires proof of the following elements: (1) a duty owed by the defendant to the plaintiff; (2) breach of that duty; (3) injury to the plaintiff; and (4) legal causation between the defendant's breach and the plaintiff's injury." *Id.* (citing *Wright v. House of Imports, Inc.*, 381 S.W.3d 209, 212 (Ky. 2012)). Unlike a normal negligence case, where the applicable standard of care is ordinary care, in most medical negligence cases, "the plaintiff must present expert testimony establishing the standard of skill expected of a reasonably competent medical practitioner." *Id.* "In Kentucky, if the physician's service falls below the expected level of care and skill and this negligence proximately caused injury or death, then all elements of a malpractice action have been met." *Williamson v. Chandler*, No. 3:07CV-P482-M, 2008 WL 145256, at *3 (W.D. Ky. Jan. 11, 2008) (quoting *Grubbs,* 120 S.W.3d at 688).

Although Count IV of Myers's Complaint lists Erwin, Crews, and Burkett as applicable defendants, Myers fails to mention either of the three defendants in the body of that count or in the facts section of the Complaint. [*See generally* R. 1 at 17.] Specifically, Count IV of the Complaint states that KDOC "had a duty to provide health services and to restrain their conduct to the standard of care objectively reasonable for those within the medical field with the same training, credentials, and experience," and breached this duty when it " failed to monitor MYERS Kidneys and failed to provide dialysis," "[t]he environment at [KDOC] hindered healing and caused infection to the staples in Myers's stomach," and "[KDOC] refused to remove staples from a prior surgery which became infected." [R. 1 at 17.] However, the Complaint fails to state what duty was owed by Erwin, Crews, and Burkett, how they breached that duty, and the legal causation between that breach and Myers's injury. Although the Court must presume all of the factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party, "[t]he court need not, however, accept unwarranted factual inferences." *Total Benefits Planning Agency, Inc.*, 552 F.3d at 434. Without any factual allegation concerning Erwin, Crews, or Burkett, Count IV falls short of alleging a plausible theory of relief.[4]

---

[4] The Court also acknowledges and agrees with KDOC Defendants' argument that neither Erwin, Crews, nor Burkett can be subject to vicarious liability as public officials for the acts of subordinates in which they were not directly involved. [R. 9-1 at 7.] Myers's Complaint seems to insinuate such an argument by including a "Vicarious Liability" section stating that "[w]henever in this petition it is alleged that a defendant did any act or thing, it is meant that the . . . Kentucky Department of Correction's . . . agents, officers, servants, borrowed servants, employees, or representatives did such act or thing and that the time such act or thing was, it was done with the full authorization or ratification of the . . . Commissioner of the Kentucky Department of Corrections . . . ." [R. 1 at 5-6.] Furthermore, Myers's Response provides: "The Defendants are liable because they are head of their Departments and directly responsible and charged with ensuring adequate medical care exists within the jail . . . ." [R. 10 at 3.]

Under Kentucky law, a claim against a public official must contain some allegation that the official was "directly involved" in the negligent acts of subordinates, otherwise, "there is no vicarious liability" for the public official. *Franklin Cty. v. Malone*, 957 S.W.2d 195, 199 (Ky. 1998) *overruled on other grounds by Com. v. Harris*, 59 S.W.3d 896 (Ky. 2001) *and Yanero v. Davis*, 65 S.W.3d 510 (Ky. 2001)); *see also Moores v. Fayette Cty.*, 418 S.W.2d 412, 414 (Ky. 1967) ("The rule is that public officers are responsible only for their own misfeasance and negligence and are not responsible for the negligence of those who are employed by them if they have employed persons of suitable skill."). Therefore, a claim of vicarious liability against Erwin, Crews, or Burkett must fail.

### 2. Under § 1983

In response to KDOC Defendants' Motion to Dismiss, Myers appears to abandon any claim under Kentucky law, and, in its stead, asserts that he filed this action "and specifically Count IV of the Complaint pursuant to 42 U.S.C. 1983 alleging that the medical negligence and malpractice were a violation of the Plaintiff's Eight Amendment rights under the United States Constitution." [R. 10 at 1.] As noted by KDOC Defendants, this is problematic considering that Myers never mentions any claim concerning a violation of the Eighth Amendment in the Complaint. [*See generally* R. 1.][5] As discussed above, Count IV of the Complaint maps out a claim involving claims of medical malpractice and negligence, however, it makes no reference to the Eighth Amendment or a Constitutional violation in general. In full, it provides:

Count IV
(Medical Malpractice and  Negligence) MYERS v. [KDOC], ERWIN, CREWS, and  BURKETT

86. Plaintiff  repeats,  alleges,  and, incorporates  paragraphs one  (1) through eighty-five (85) with the same force and  effect as fully set forth herein.

87.MYERS was within the care, custody, and control of the  [KDOC].

88. [KDOC]  had  a  duty to provide health services and  to restrain their conduct to the standard of care objectively  reasonable  for those within the  medical field with the same training, credentials, and experience.

89.[KDOC] failed to monitor MYERS Kidneys and failed to provide dialysis .

90. The environment at  [KDOC] hindered healing and caused infection to the staples in MYER'S stomach.

91. [KDOC] refused to remove staples from a prior surgery which became infected.

92.As a result of the  negligent care provided by [KDOC] the Plaintiff MYERS  has direct and proximate harm because of the  gross negligence and medical malpractice.

---

[5] The Complaint lists one claim pursuant to 42 U.S.C. § 1983 for a violation of the Fourth Amendment, i.e., excessive force, against Ryan Norman and the McCracken County Sheriff's Office in Count I. [R. 1 at 13.]

WHEREFORE, the plaintiff prays this action for damages according to proof and for such other and further relief as this Court deems just.

[R. 1 at 17.] Although Count IV of Meyers's Complaint outlines the elements of medical malpractice and negligence, in his Response, Meyers appears to be asserting a claim of deliberate indifference to serious medical need in violation of the Eighth Amendment. The Sixth Circuit has stated that a district court is limited "to the facts and legal claims as raised in the pleadings." *Johnson v. Metro. Gov't of Nashville & Davidson Cty., Tenn.*, 502 F. App'x 523, 541–42 (6th Cir. 2012); *accord Shinault v. City of Memphis Fire Dep't,* No. 14-2865-SHL-DKV, 2015 WL 4756499, at *1 (W.D. Tenn. Apr. 29, 2015), *report and recommendation adopted*, No. 14-CV-2865-SHL-DKV, 2015 WL 4756543 (W.D. Tenn. Aug. 11, 2015). Thus, the Court may not consider a new legal claim added by Myers in his response to KDOC Defendants' Motion to Dismiss.[6] In conclusion, KDOC Defendants' Motion to Dismiss as it pertains to Myers's claims against Erwin, Crews, and Burkett in their individual capacities is GRANTED.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED**:

1) MCRJ's Motion to Dismiss, [R. 7], is **GRANTED**. The claims against MCRJ are DISMISSED WITH PREJUDICE.

2) Plaintiffs shall show good cause for not complying with Rule 4(m)'s ninety-day service requirement by **September 5, 2019**. Failure to respond to this Order within the allotted time period will result in dismissal of Defendant Ray from this action.

---

[6] Myers also makes an argument regarding qualified immunity at the end of his Response. [R. 10 at 5-6.] As KDOC Defendants do not raise qualified immunity as a defense, the Court finds Myers's argument to be irrelevant.

3) KDOC Defendants' Motion to Dismiss, [R. 9], is **GRANTED**. As the claims against KDOC and Erwin, Crews, and Burkett in their official capacities cannot be saved by any amendment of the complaint, they are DISMISSED WITH PREJUDICE. The claims against Erwin, Crews, and Burkett in their individual capacities are DISMISSED WITHOUT PREJUDICE.

4) The **Clerk of Court** is **DIRECTED TO REMOVE** McCracken County Regional Jail, Denise Burkett, Cookie Crews, Jim Erwin, and the Kentucky Department of Corrections as defendants from this action.

5) The action is scheduled for a **telephonic status conference** on **September 5, 2019 at 9:00AM Central Time**. The conference will be held telephonically. Parties must call **1-877-848-7030** then give the **Access Code 2523122 and #, then when prompted press # again** to join the call.

**IT IS SO ORDERED**.

**Thomas B. Russell, Senior Judge**
**United States District Court**

August 16, 2019

cc: Counsel of Record